In Soo CHUN, Plaintiff—Appellant,

v.

UWAJIMAYA, INC., Defendant—Appellee.

No. 01–35701.

D.C. No. CV–01–00690–BJR.

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2002.*

Decided April 17, 2002.

Before BROWNING, KLEINFELD, and GOULD, Circuit Judges.

### MEMORANDUM**

In Soo Chun appeals pro se the district court's summary judgment for Uwajimaya, Inc. and denial of his motion to remand the removed action to state court. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the denial of a motion for remand de novo. *Brennan v. Southwest Airlines Co.*, 134 F.3d 1405, 1409 (9th Cir. 1998), *amended by* 140 F.3d 849 (1998). We also review summary judgment de novo. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc). We affirm.

The district court properly denied Chun's motion for remand because Uwajimaya filed its notice of removal within 30 days of being properly served with process. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999).

The district court properly dismissed Chun's employment discrimination claims as untimely because Chun failed to personally serve Uwajimaya with process within 90 days of filing his complaint, as required by Washington state law. *See* Wash. Rev. Code § 4.16.170 (filing of complaint temporarily tolls statute of limitations if plaintiff properly serves defendant with summons within 90 days); *id.* § 4.28.080(9) (to effect

service of process on domestic corporation, plaintiff must personally serve summons on an enumerated corporate officer or office assistant thereto).

The district court properly dismissed Chun's Fourteenth Amendment claim against Uwajimaya because it is not a state actor and therefore cannot be held liable for violating Chun's constitutional rights. *See Howard v. America Online Inc.*, 208 F.3d 741, 754 (9th Cir.2000).

We decline to consider Chun's contention that the district court improperly failed to consider his constructive discharge claim because he raises it for the first time in his reply brief. *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir.1990).

Chun's contention that the district court violated the Thirteenth Amendment by denying his motion for remand is without merit, as is his contention that Uwajimaya violated Fed.R.Civ.P. 11 and 56(g).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Chun's request for oral argument.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.